■ In the Matter of CONSTANCE SCANDOLA, Petitioner, v JOSEPH D'ELIA, as Commissioner of the Nassau County Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review so much of a determination of the respondent Commissioner of the New York State Department of Social Services, dated December 12, 1983, and made after a statutory fair hearing, as affirmed a determination of the local agency not to reimburse petitioner for the rent for her apartment for the months of June and July 1983.

Petition granted, on the law and the facts, with costs, determination of the respondent State Commissioner annulled, insofar as reviewed, and petitioner is awarded reimbursement in the sum of $338, her rent payments for the months of June and July 1983.

Petitioner had been receiving public assistance under the category of home relief. By notice dated March 28, 1983, she was informed by the local agency of the latter's intent to discontinue her public assistance on the ground that she had failed to report as required to an employment service on March 15, 1983.

On April 29, 1983, petitioner was hospitalized at Pilgrim Psychiatric Center "because she was unable to take care of herself". Petitioner was released from the center on August 18, 1983.

By notice dated May 18, 1983, the local agency determined to discontinue petitioner's public assistance due to her "failure to undergo a medical examination". The local agency closed petitioner's public assistance case on May 31, 1983.

After a prehearing conference on August 9, 1983, the local agency withdrew the closing notices and restored petitioner to public assistance in the home relief category, recognizing that her previous noncompliance was caused by her severe psychiatric difficulties.

Petitioner was entitled to receive her rental allowance for the months of June and July 1983 pursuant to 18 NYCRR 352.3 (c), which provides: "An allowance for rent shall be made for a period not in excess of 60 days, when essential to retain a housing accommodation to which a recipient temporarily receiving care in a medical facility may return upon discharge from such facility."

Accordingly, the petition is granted, the determination of the State Commissioner is annulled, insofar as reviewed, and petitioner is awarded reimbursement in the amount of $338, her rent payments for the months of June and July 1983. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.